UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOHNNY WILLIAM BOYDE,

                      Plaintiff,

    -against-                                      9:18-CV-1231 (LEK/ATB)

A. BROCKWAY,

                      Defendant.

**DECISION AND ORDER**

**I.    INTRODUCTION**

Plaintiff Johnny William Boyde commenced this action pro se by filing a 42 U.S.C. § 1983 civil rights complaint together with an application for leave to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Complaint"); Dkt. No. 2 ("IFP Application"). On November 26, 2018, the Court granted Plaintiff's IFP Application, but in accordance with 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), found that the Complaint was subject to dismissal for failure to state a claim upon which relief may be granted. Dkt. No. 5 ("November 2018 Order") at 8. In light of his pro se status, Plaintiff was afforded an opportunity to submit an amended complaint. Id. at 8. Now before the Court is Plaintiff's amended complaint. Dkt. No. 7 ("Amended Complaint").

**II.    LEGAL STANDARD**

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to §§ 1915(e)(2)(B) and 1915A(b) was discussed at length in the November 2018 Order; it will not be restated here. See Nov. 2018 Order at 2–3.

## III. DISCUSSION

In the original Complaint, Plaintiff alleged that on April 18, 2018, during his "booking admission" at Onondaga County Correctional Facility, defendant Senior Corrections Officer A. Brockway refused to document that Plaintiff had seen "'black spots' when . . . eating dairy, soy, and meat product(s) on more than one occasion." Compl. at 6–7. Thereafter, in July or early August 2018, Plaintiff was served meals that contained meat and/or dairy, and began to see "black spots" eight to ten times per day. Id. at 7. During the week of August 13, 2018, Plaintiff had blood work done. Id. The results of these blood tests were normal, though Plaintiff continued to see "black spots." Id. at 7–8. Plaintiff requested a vegan diet, which was initially denied on August 28, 2018, but eventually approved on September 13, 2018. Id.

In its November 2018 Order, the Court liberally construed the Complaint to assert an Eighth Amendment claim against Brockway, the only named defendant. However, the Court dismissed Plaintiff's claim because the Complaint failed to allege facts plausibly suggesting "that a vegan diet was necessary to prevent 'degeneration' of Plaintiff's health or 'extreme pain,' let alone that prison officials knew of and disregarded an 'excessive risk' to Plaintiff." Nov. 2018 Order at 6 (quoting Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998).

The Amended Complaint re-asserts Plaintiff's Eighth Amendment claim against Brockway. Am. Compl. The standard for making an Eighth Amendment claim is detailed in the November 2018 Order and will not be restated here. Id. at 4–7. Plaintiff has made several new allegations detailing the medical complications he suffered between June 2018 and August 2018. Id. at 1–3. Most notably, Plaintiff reports having a "close-to-death" experience in August 2018 that "opened [his] eyes to [his] health" and "conf[irmed]" that his "body cannot withstand" the

"consum[ption] of soy, dairy, and meat products." Id. Plaintiff again fails to allege any facts plausibly suggesting that he either (1) requested, and was denied, medical treatment; or (2) was otherwise aware of, and ignored, Plaintiff's condition. See generally Am. Compl. To the contrary, Plaintiff alleges that during his medical episodes prison staff asked him if he was "ok," and Plaintiff responded, "yes, I'm just light-headed, that's it." Id. at 2. Moreover, the Amended Complaint states that prison medical staff tested Plaintiff's blood during the week of August 13, 2018 and, even though the results were "normal," granted his request for a vegan diet on September 17, 2018. Id. at 2–3; Dkt. No. 7-1 at 2, 6.

Therefore, even assuming that Plaintiff's new allegations plausibly suggest that he was suffering from a sufficiently serious condition between April 2018 and September 2018, the Amended Complaint does not allege that Defendant acted with deliberate indifference to Plaintiff's medical needs. Accordingly, this action is dismissed. As Plaintiff has already been granted one opportunity to amend his pleading and even a liberal reading of the Amended Complaint suggests that further opportunity to amend would not be fruitful, the Court dismisses this action with prejudice.[1] See Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.").

IV.   **CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that this action is **DISMISSED with prejudice**; and it is further

---

[1] Although Plaintiff's federal constitutional claim is dismissed with prejudice, Plaintiff is free to pursue any available state law claims in the appropriate state court.

3

**ORDERED**, that the Clerk of the Court serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    January 11, 2019
         Albany, New York

*[signature]*
Lawrence E. Kahn
U.S. District Judge